UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| JANENE L. PLUNKETT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:18-cv-00052-DLP-WTL |
| | ) |
| ILLINOIS FARMERS INSURANCE COMPANY, | ) |
| | ) |
| Defendant. | ) |

### ORDER ON MOTION TO REMAND

This matter comes before the Court on Plaintiff's Motion to Remand (Dkt. 6). The motion was referred to the undersigned for ruling. For the reasons set forth below, Plaintiff's Motion to Remand (Dkt. 6) is **DENIED**.

### I. Background

On April 9, 2013, Plaintiff was struck by a vehicle while she was walking across the intersection of Grant Avenue and Indiana State Roads 32 and 47 in Crawfordsville, Indiana. She suffered severe physical injuries. Plaintiff then brought suit against Nancy J. Williamson, the driver of the vehicle that struck her, and claimed damages in excess of $100,000. Plaintiff ultimately settled her claim against Ms. Williamson for $74,120.43. After settling her claim against the driver, Plaintiff sought to recover from her own insurance company, Illinois Farmers Insurance Company (Defendant), pursuant to the under insured provision of her insurance policy, which she alleges provided under-insured coverage up to $100,000. Defendant refused to pay any amount on the grounds that there was no coverage.

1

Thereafter, Plaintiff brought this declaratory action in Indiana state court to recover the difference between the policy limit and the settlement amount. On February 1, 2018, the Defendant removed the action to federal court on the grounds of diversity jurisdiction (Dkt. 1). On February 26, 2018, the Plaintiff filed this Motion to Remand arguing that the Court lacks subject matter jurisdiction and thus should be remanded to state court.

## II. Discussion

The federal removal statue permits a defendant to remove a civil action from state court when a district court has original jurisdiction over the action. *Micrometl Corp. v. Tranzact Techs., Inc.*, 656 F.3d 467, 470 (7th Cir. 2011); *see also*, 18 U.S.C. § 1441(a). A federal court has original jurisdiction for all civil cases where the action is between citizens of different states and "the amount in controversy is greater than $75,000, exclusive of interest and costs." *Micrometl Corp.*, 656 F.3d at 470; *see also* 28 U.S.C. § 1332(a). The party invoking federal jurisdiction has the burden of establishing that at the time it filed its notice of removal both diversity of citizenship and the amount in controversy requirements were met. *Schimmer v. Jaguar Cars, Inc.*, 384 F.3d 402, 404 (7th Cir. 2004); *Tylka v. Gerber Products*, 211 F.3d 445, 448 (7th Cir. 2000).

Absent diversity jurisdiction, this Court lacks subject matter jurisdiction and must remand this case to state court. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006); *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 543 (7th Cir. 2006). Because this is a jurisdictional question, the Court has "an independent obligation

to determine whether it has the authority to resolve this dispute." *Webb v. Fin. Regulatory Auth, Inc.*, 889 F.3d 853, 856 (7th Cir. 2018).

Here, the Plaintiff argues that the Court lacks jurisdiction over this matter because the parties are not diverse and the amount in controversy is not greater than $75,000.

The Seventh Circuit has directed courts to "interpret the removal statue narrowly and presume that the plaintiff may choose his or her forum. Any doubt regarding jurisdiction should be resolved in favor of [remand]." *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993). If it appears "at any time before final judgment that the district court lacks subject-matter jurisdiction," the case must be remanded to state court. 28 U.S.C. § 1447(c); *Townsquare Media, Inc. v. Brill*, 652 F.3d 767, 768 (7th Cir. 2011).

1. **Citizenship of the Parties**

In order for jurisdiction to be founded on diversity of citizenship, there must be complete diversity—no plaintiff can be a citizen of the same state as any defendant. 28 U.S.C. § 1332 (a). The parties agree that the Plaintiff is a citizen of Indiana, but they disagree about the citizenship of the Defendant. Relying on provisions of 28 U.S.C. §§ 1332 and 1441, the Plaintiff argues that this is a "direct action" against Illinois Farmers Insurance Company who is allegedly standing in the shoes of the insured tortfeasor—Nancy J. Williamson—who was a citizen of Indiana, thus defeating diversity.

Pursuant to 28 U.S.C. § 1332, a corporation is deemed "to be of a citizen of every State . . . by which it has incorporated and of the State . . . where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The statute contains the following exception:

> [I]n any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of every state . . . which the insured is a citizen; every State . . . by which the insurer has been incorporated; and the State . . . where the insurer has its principal place of business.

*Id.* Direct actions within the meaning of 28 U.S.C. § 1332(c)(1) are actions brought by an insured party directly against a tortfeasor's insurance company, rather than against the tortfeasor himself. *Davis v. Carey*, 149 F. Supp. 2d 593, 597-601 (S.D. Ind. 2001).

The present case does not fit within the meaning of "direct action" in § 1332(c)(1). The Plaintiff is not suing the tortfeasor Nancy Williamson's insurer, but, rather, her own insurer, Illinois Farmers Insurance Company, for the damages she failed to recover from Nancy Williamson's insurer. Thus, this bad faith action brought by the Plaintiff against her own "insurer is not a 'direct action' within the meaning of § 1332(c)(1)." *Searless v. Cincinnati Ins. Co.*, 998 F.2d 728, 730 (9th Cir. 1993) (quoting *Beckham v. Safeco Ins. Co.*, 691 F.2d 898, 902 (9th Cir. 1982); s*ee also Myers v. State Farm Ins. Co.*, 842 F.2d 705, 707 (3rd Cir. 1988); *Bowers v. Continental Ins. Co.*, 753 F.2d 1574, 1576 (11th Cir. 1985); *Velez v. Crown Life Ins. Co.*, 599 F.2d 471, 473 (1st Cir. 1979). Moreover, "Indiana law does not allow

'direct actions' by injured parties against tortfeasors' insurers." *Davis*, 149 F. Supp. 2d at 600.[1]

Because this is not a case where an injured party has forgone suing the insured in favor of suing the insurer, this is not a "direct action," and the typical diversity of citizenship rules apply. In the Notice of Removal, the Defendant maintains that it is a citizen of Illinois because it is incorporated in Illinois and its principal place of business is in Illinois. The Court finds that the Plaintiff is a citizen of Indiana and the Defendant is a citizen of Illinois. Accordingly, on the record before it, the Court concludes that the parties are diverse. The Court now turns to determine if the amount in controversy is met.

2.  **Amount in Controversy**

The Defendant removed this case to federal court based on its belief that the Plaintiff is seeking damages that amount to more than $75,000. Plaintiff, however, maintains that because she is not seeking punitive damages the amount in controversy could not be greater than $75,000.

The removing defendant, as proponent of federal jurisdiction, must establish what the plaintiff stands to recover. *Sadowski*, 441 F.3d at 541. Once this is done, the case remains in federal court unless it is a "legal certainty" Plaintiff's recovery will be less than the jurisdictional floor. *Id.* at 543. Determining the amount in

---

[1] In *Davis*, the district judge explained that under Indiana law "[u]nless the injured party first obtains a judgment against the tortfeasor/insured, the injured party has no right of action against the tortfeasor's insurer." 149 F. Supp. 2d. at 600-01. "Thus, the injured party's action against the tortfeasor's insurer cannot be considered a direct action. It is an indirect action wholly dependent upon the injured party first obtaining a judgment against the tortfeasor." *Id.* at 601.

controversy will require two steps. First, the Court must determine what types of damages and costs *can be* included in the calculation of the amount in controversy. Second, the Court must determine what damages and costs *are* included in this calculation and whether that amount is greater than the statutory requirement of $75,000.

i.  *Damages and Costs Included in the Amount in Controversy*

Statutory authority requires the amount in controversy to exceed $75,000 *exclusive of interest and costs*. 28 U.S.C. § 1332(a). Although neither party raises the issue of whether attorney's fees can be included in the calculation of the amount in controversy, the Court, mindful of its independent obligation to determine its authority, will address the issue here. *See Webb v. Financial Regulatory Authority, Inc.*, 889 F.3d 853, 856 (7th Cir. 2018).

Generally, the amount in controversy does not include legal fees because they are costs. *See id.* at 856-58. However, "[l]egal fees may count toward the amount in controversy if the plaintiff has a right to them 'based on contract, statute, or other legal authority.' *Id.* at 857 (quoting *Ross v. Inter-Ocean Ins. Co.*, 693 F.2d 659, 661 (7th Cir. 1982)). The Northern District of Indiana has held "an insurer's denial of coverage in bad faith may lead to a conclusion that the insurer litigated the action in bad faith," and therefore, entitles the plaintiff to attorney's fees under Ind. Code § 34-52-1-1(b)(3). *Patel v. United Fire & Cas. Co.*, 80 F. Supp. 2d 948 (N.D. Ind. 2000).

6

Here, like the plaintiff in *Patel*, Plaintiff is seeking to recover attorney's fees under Ind. Code § 34-52-1-1(b)(3). Thus, the Court finds that there is a statutory basis for the recovery of attorney's fees and these costs can be included in the amount in controversy calculation.

In addition to attorney's fees, punitive damages can be included in the calculation of the amount in controversy when substantive law for the plaintiff's claim permits them to be awarded. *Bell v. Preferred Life Assur. Soc. Of Montgomery, Ala.*, 320 U.S. 238, 240 (1943); *Clark v. State Farm Mut. Auto. Ins. Co.*, 473 F.3d 708, 711-12 (7th Cir. 2007). "Indiana law recognizes a cause of action against an insurer for breaching its duty to exercise good faith in evaluating claims, and it permits recovery of punitive damages." *Clark*, 473 F.3d at 712 (citing *Erie Ins. Co. v. Hickman*, 622 N.E.2d 515, 518-20 (Ind. 1993)). Here, Plaintiff, relying on *Erie*, has alleged that Defendant breached its duty of good faith and fair dealing (Dkt. 1-1 at 8-9). Therefore, based on the reasoning in *Clark*, the Court finds that punitive damages can be included in the amount in controversy here.

*ii.    Determination of Amount in Controversy*

The defendant bears the burden of establishing that the amount in controversy is met because it is the party invoking federal jurisdiction. *Sadowski*, 441 F.3d at 541. The defendant must also prove any contested factual allegations regarding jurisdiction by a preponderance of the evidence. *Id.* at 543.

Generally, the amount in controversy can be determined by the amount sought in the plaintiff's state court complaint. *Id*. However, Indiana does not allow

plaintiffs in state court to allege a specific dollar amount in their complaint. Ind. Trial R. 8(A)(2). Therefore, "the removing defendant, as a proponent of federal jurisdiction, must establish what the plaintiff stands to recover." *Sadowski*, 441 F.3d at 541. The removing defendant "does not need to establish what damages the plaintiff will recover, but only how much is in controversy between the parties." *Bloomberg v. Serv. Corp. Int'l*, 639 F.3d 761, 763 (7th Cir. 2011). In other words, the proponent of federal jurisdiction need only assert a "plausible and good faith estimate of the amount in controversy." *Webb*, 889 F.3d at 859. Defendants can do this through "contentious interrogatories or admissions in state court; by calculations from the complaint's allegations; by reference to the plaintiff's informal estimates or settlement demands; or by introducing evidence, in the form of affidavits." *Sadowski*, 441 F.3d at 541-42.

This estimation is based on the facts as they existed at the time of removal. *See St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283 (1938). Thus, when the complaint is silent on punitive damages and at the time of removal the plaintiff has made no definitive indication that they are not seeking punitive damages, courts have allowed defendants to rely on the possibility of punitive damages to plausibly explain how the stakes exceed $75,000. *See Tile Unlimited, Inc. v. Blanke Corp.*, 788 F. Supp. 2d 734, 743 (N.D. Ill. 2011) (citing *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 512 (7th Cir. 2006)).

Once the proponent of federal jurisdiction makes a plausible and good faith estimate of the amount in controversy, diversity jurisdiction is established unless it

8

is a "legal certainty" that the plaintiff's claim is for less than $75,000. *St. Paul*, 303 U.S. at 288-89; *Webb*, 889 F.3d at 859; *Sadowski*, 441 F.3d at 543.

Here, the Defendant removed this case to federal court based on its belief that the Plaintiff is seeking damages that amount to more than $75,000. Defendant reached this calculation by combining the alleged compensatory damages of $25,879.57 with the possibility of punitive damages, which are capped at $77,638.71.[2] Defendant justifies including punitive damages by pointing out that at the time of removal there was no definite indication that Plaintiff would not seek punitive damages. The only indication came after removal when Plaintiff filed a stipulation that the amount in controversy would not be more than $75,000. Plaintiff, additionally, argues that her Complaint never asked for punitive damages, and therefore, these amounts should not be included in the amount in controversy.

The Court finds that Defendant has made a plausible and good faith estimate that the amount in controversy is greater than $75,000. The Defendant, based on the Plaintiff's allegations, reasonably calculated the amount in controversy to be more than $75,000 by relying on the possibility of punitive damages combined with the alleged compensatory damages. *See Sadowski*, 441 F.3d at 541-42; *Oshana*, 472 F.3d at 512. Although Plaintiff represents to the Court now that she is not seeking punitive damages, it was not clear at the time of removal that she was not seeking them. As Courts have pointed out, without a pre-removal stipulation or

---

[2] Ind. Code § 34-51-3-4 states that punitive damages "may not be more that the greater of (1) three (3) times the amount of compensatory damages awarded in the action; or (2) fifty thousand dollars." The amount provided by Defendant, $77,638.71, is $25,879.57 multiplied by three.

9

representation Plaintiff could have easily amended her complaint later on to seek punitive damages. *See Tile Unlimited*, 788 F. Supp. at 743 (citing *Oshana*, 472 F.3d at 512 (7th Cir. 2006)). The proper way for Plaintiff to deal with this situation would have been to file a stipulation with her state court complaint. *In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir. 1992) However, because Plaintiff's stipulation and representation came after removal, Defendant had no way of knowing that Plaintiff would not eventually seek punitive damages. Therefore, Defendant reasonably relied on the possibility of punitive damages. *See Tile Unlimited*, 788 F. Supp. at 743 (citing *Oshana*, 472 F.3d at 512 (7th Cir. 2006)); *see also St. Paul*, 303 U.S. 283 (holding that remand decisions are based on the pleadings as they existed at the time of removal); *In re Shell*, 970 F.2d 355 (holding that plaintiff's post-removal stipulation has no legal effect).

Additionally, statutory authority allows Plaintiff to recover attorney's fees, and although the Defendant did not account for these costs, the Court will include the possibility of them in the calculation of the amount in cpntoversy. *See Webb*, 889 F.3d 853, 856-58. Although neither party specifically estimates these costs, and the Court makes estimation here, their inclusion can only bolster the Defendant's claim that the amount in controversy is satisfied. Thus, Defendant's good faith estimation that the amount in controversy is greater than $75,000 stands, and the Plaintiff must show that it is legally impossible for her to recover more than $75,000 with something more than her post-removal stipulation. *See Sadowski*, 441 F.3d at 543.

To this point, Plaintiff makes two final arguments. First, she argues that the reliance on speculative amounts of punitive damages has been rejected by this Court. Second, she argues that courts only allow the recovery of reasonable attorney's fees, and in this case, no court could return an award of attorney's fees that would push the amount in controversy over the threshold amount.

Plaintiff's arguments fail because she relies on the "reasonable probability" standard, which was explicitly "banished" by the Seventh Circuit in *Sadowski*. In that case, the court extensively discussed *Shaw v. Dow Brands, Inc.*, 994 F.2d 364 (7th Cir. 1993), the source of the "reasonable probability" language. Moreover, the court highlighted the large number of district court cases in the Seventh Circuit that had used this language to incorrectly apply a new standard for determining the amount in controversy in removed cases. *See Sadowski*, 441 F.3d at 539-43. Then, the *Sadowski* Court definitively stated "'[r]easonable probability that jurisdiction exists', a phrase with no provenance and no following outside this circuit, is banished from our lexicon." *Id.* at 543. Thus, this Court must use the "legal certainty" standard. *Id.*

This Court finds that Plaintiff's arguments fail to establish that as a "legally certainty" her total recovery will be less than the jurisdictional floor. Because Plaintiff relies on the outdated "reasonable probability" standard, she only challenges the likelihood of a recovery over the jurisdictional floor, and fails to make any showing that it is legally impossible for her to recover more than $75,000. Therefore, the Court finds that the amount in controversy requirement is met.

### III. Conclusion

The Court possesses subject matter jurisdiction in this case on the basis of diversity jurisdiction. There is complete diversity of citizenship between the parties and the amount in controversy is greater than $75,000. Therefore, the Court **DENIES** Plaintiff's Motion to Remand (Dkt. 6).

So ORDERED.

Date: 6/15/2018

*Doris L. Pryor*
Doris L. Pryor
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record
via email generated by the Court's
ECF system.